**NOT YET SCHEDULED FOR ORAL ARGUMENT**

# United States Court of Appeals for the District of Columbia Circuit

### No. 13-7012

GREGORY BOWYER; and GERALD PENNINGTON,

*Plaintiffs – Appellants,*

v.

DISTRICT OF COLUMBIA; DENNIS RUBIN; and GARY L. PALMER,

*Defendants – Appellees.*

*On Appeal from the United States District Court for the District of Columbia in Case No. 1:09-CV-00319-BAH (Hon. Beryl A. Howell, Judge)*

## REPLY BRIEF OF THE APPELLANT

> Donald M. Temple, Esq.
> DONALD M. TEMPLE, P.C.
> 1101 15th Street NW
> Suite 910
> Washington, DC 20005
> Tel: (202) 628-1101
> Fax: (202) 628-1149
> dtemplelaw@gmail.com
>
> *Counsel for Appellants*

JUNE 6, 2014

 COUNSEL PRESS, LLC                                                                                              (888) 277-3259

# TABLE OF CONTENTS

*Page*

TABLE OF AUTHORITIES ................................................................................... ii

SUMMARY OF THE ARGUMENT ......................................................................1

ARGUMENT .............................................................................................................1

    A.  The Record Below Established Appellants' Protected Disclosures.................1

    B.  Genuine Issues of Material Fact Existed as per Appellants'
        Supervisors' Knowledge of their Protected Disclosures ................................5

    C.  Other Deficiencies in Appellees' Brief. .........................................................7

CONCLUSION .......................................................................................................10

CERTIFICATE OF SERVICE ...............................................................................11

CERTIFICATE OF COMPLIANCE ......................................................................12

## TABLE OF AUTHORITIES

*Page(s)*

**Cases**

*Anderson v. Liberty Lobby, Inc.,*
    477 U.S. 242 (1986) ............................................................................................. 7

*Bowyer v. D.C,*
    910 F.Supp.2d 173 (D.D.C., 2012) .................................................................. 1, 2

*\*Holcomb v. Powell,*
    433 F.3d 889 (D.C.Cir.2006) ............................................................................. 7

*Kavanagh v. Merit Sys. Prot. Bd.,*
    176 Fed.Appx. 133 (Fed.Cir.2006) .................................................................... 3

*\*Mentzer v. Lanier,*
    677 F.Supp.2d 242 (D.D.C.2010) ...................................................................... 3

*\*Reeves v. Sanderson Plumbing Prods., Inc.,*
    530 U.S. 133, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) .................................... 7

**Rules**

Fed.R.Civ.P. 56(c)(1)(A)-(B) ................................................................................... 7

_____
\* Authorities upon which we chiefly rely are marked with asterisks.

# SUMMARY OF THE ARGUMENT

Appellees' Opposition Brief goes to great lengths to show that Appellants do not have actionable Whistle Blower Protection ("WPA") claims under District of Columbia law. In so doing, Appellees continue to distort the factual record below and fail to refute the existence of significant material facts which, mandate jury, rather than judicial, consideration. While the record below is extensive, if not onerous, a close *de novo* examination of the record below reveals genuine issues of material fact in dispute regarding the elements of protective disclosures and causally related retaliation, especially given the lower court's erroneous credibility determinations against Appellants per Assistant Attorney General ("AAG") Lynette Collins and Sergeant Proctor.

# ARGUMENT

### A.    The Record Below Established Appellants' Protected Disclosures.

In the instant case, Appellees proffered and the lower court opined that Appellants failed to meet their burdens of proof, based seemingly, but not exclusively, on Appellants' record evidence and Assistant Attorney Collins, Assistant United States Attorney Graves, and Sgt. Proctor's purported refutation of Appellants' assertions. See *Bowyer, supra*. at Fn. 17. Appellees fail, however, to reconcile a very significant fact, i.e. that despite their contrary testimony, AAG Collins and Sergeant Proctor both knew in advance of the Bridgewater criminal trial that there was missing evidence (fireworks). See Email chain re- missing

1

fireworks, Exhibit 54 at Joint Appendix ("J.A.") A1151. Compare Proctor's Affidavit, Exhibit 69 at J.A. A1255. Collins nevertheless failed to disclose this fact to opposing counsel or to the judge in advance of or during the criminal trial, one in which she secured a partial conviction. See Collins letters to Iweanoge to inspect evidence, Exhibit 56 at J.A. A1167. Rather Appellees argument direct considerable attention toward Appellants, particularly Appellant Bowyer. Appellees' argument underscores the credibility tension at hand and bolsters Appellants' argument that genuine issues of material fact exist in this record. Once Appellants demonstrated, as they have in their Brief, that Collins and Proctor's credibility is indeed at issue, Appellees' poorly constructed evidentiary house of cards should fall.

Instructively, the lower court properly determined that "plaintiff Bowyer's EEOC complaint, dated "8/7/08," qualified as a protected disclosure." *Bowyer v. D.C,* 910 F.Supp. 2d 173, 198 (D.D.C., 2012). Accordingly, as a matter of law, the lower court should have equally determined that Appellants' internal EEO complaints both filed in June 2008, as well as their July 2008 exit interviews, constituted protective disclosures. To its discredit, Appellees neither discuss nor refute this contention. Nor does it refute the very detailed substantive content of Appellants' respective June 2008 internal EEO complaint, which we submit constitute protective disclosures. Appellees also do not refute the lower court's finding regarding Appellants' assertion that the D.C. Office of Attorney General

2

allegedly mishandled and/or loss material evidence in Bridgewater and K.A. criminal cases. The court correctly determined that OAG's handling of these two (2) cases qualified as "gross mismanagement" under the DCWPA. *Citing Mentzer v. Lanier, 677 F.Supp.2d 242, 250 (D.D.C.2010)* (interpreting "gross mismanagement" in DCWPA to mean "'a management action or inaction which creates a substantial risk of significant adverse impact upon the agency's ability to accomplish its mission'") (*quoting Kavanagh v. Merit Sys. Prot. Bd., 176 Fed.Appx. 133, 135 (Fed.Cir.2006)*)). Hence, Appellants' internal EEO filings referenced at Appellants' Exhs. 37 and 38, and further memorialized at Exhs. 39 and 40 soundly establish protected disclosures. These claims are bolstered by AAG Ross Buchholz' correspondence to Chief Rubin, dated August 26, 2008. Memorandum from Ross Buchholz to Rubin, Exhibit 14 at J.A. A1030. Appellees' own fellow AAG corroborates Bowyer's rendition of his workplace experience and concerns.

Appellees also conveniently fail to explain away Collins' state of knowledge regarding the missing fireworks, her corresponding state of mind relative to Bowyer, and her inconsistent testimony. Instead, they create a red herring argument at II. A. of their brief to take this court down a road that will detract from Collins' want of credibility. Despite contrary record evidence Appellees, citing to its footnote 8, argue that Collins' alleged misconduct is not the "type of serious misconduct identified in the WPA", and proffer that Bowyer did not disclose

3

Collins' conduct until August 25, 2008. At no time do Appellees refute or explain away Bowyer and Pennington's extensive June 2008 "internal EEO" complaints. Appellants' statements are telling. Bowyer stated the following in part:

> Furthermore, because of the unethical events which have transpired with the case and the manipulation information and evidence involving the 317 L Street NE case, Inv. Bowyer requested to be removed from the 317 L Street case and OAG matters. Otherwise, this could be a repeat of the L. Collins case were all relevant information possesses by government was not disclosed to defense and if asked Inv. Bowyer is going to tell the truth once again. Then, the OAG and DFC is going to be upset with Inv. Bowyer thus the attacks will increase and a case for Bowyer's removal from FIU will be made because " he is not a team player " and SGT. Proctor, the agency's "Hitman" will go to work targeting Inv. Bowyer has already been constructively discharged. Therefore, the OAG, DFC Palmer, SGT Proctor, and Inv. R. Taylor may do what that like with the case just not at the expense of Inv. Bowyer's credibility or career as fire investigator.

Bowyer's Internal EEO complaint, Exhibit 37 at J.A. A1082.[1]

Pennington's statement in pertinent part mirrors Bowyers':

> Furthermore, because of the unethical events which have transpired with this case and the manipulation of information and the evidence involving the 317 L Street NE case, Inv. Pennington request to have no involvement with any cases that will come before the OAG. Based on past experiences with DFC palmer, Sgt. Proctor and AAG L Collins in the Bridgewater gun case that was dropped by the USAO for mishandling of evidence. Inv. Pennington does not want this situation to repeat, where all relevant information possessed by government was not disclosed to defense and if ever asked, Pennington is going to tell the truth as always. Then OAG and the DFC is going to be upset with Inv. Pennington then the attacks will

---

[1]/ Appellants' Brief erroneously stated that Bowyers' complaint was filed on June 8, 2008.

4

increase and a case for Pennington's removal from the FIU or informal demotion within the unit will take place because "he is not a team player" and Sgt. Proctor, the agency's "Hitman" will go to work targeting Inv. Pennington for removal or trumped up charges for 169's. Inv. Pennington has already been constructively discharge within the unit.

Pennington Internal EEO complaint, Exhibit 38 at J.A. A1085.

District of Columbia AAG Buchholz verifies Bowyer's discussion with him over a 14-month period of ongoing concerns. See Memorandum from Ross Buchholz to Chief Dennis Rubin, Exhibit 14 at J.A. A1032: ¶¶ 2,3. Appellees' argument, at Section II, unsuccessfully attempts to circumvent this issue and the record Notably, Appellants have never asserted that Collins was either a supervisor or fully responsible for the Department's retaliation against them. The developed record, thus far adduced, shows that her manipulation of the missing fireworks evidence and questionable professional judgment created tensions between management and Appellants given Appellants insistence that her conduct be disclosed. No better example can be found to support this point than Collins' want of communication with her opposing counsel in the Bridgewater case regarding the missing fireworks prior to the criminal trial. See Email chain re- missing fireworks, Exhibit 54 at J.A. A1151; Collins letters to Iweanoge to inspect evidence, Exhibit 56 at J.A. A1167.

### B. Genuine Issues of Material Fact Existed as per Appellants' Supervisors' Knowledge of their Protected Disclosures

Appellees concede that Appellants' supervisor Jeffery "may have known that Bowyer had made a protected disclosure when he did so" via Bowyer's formal

complaint of discrimination against FEMS. See Opposition Brief at 55. Management also knew about their June 2008 protected disclosures.

In response to Appellants' June 2008 complaints, in late July, 2008 the Department's EEO Office and its legal counsel conducted exit interviews with both Appellants and stated: "The D.C. Fire and EMS Department has taken *final administrative action* on your complaint." (emphasis added). It clearly denied Appellants' complaints. Whereupon it explained to Appellants their respective rights. In so doing, it necessarily inferred, as a matter of due course, that their claims were dutifully investigated in order to determine their merit. Those respective EEO complaints disclosed significant misconduct to the Department's internal EEO structure. Interestingly, the Agency at no time sought discipline against Bowyer for any of his actions related to the Bridgewater case, which creates a further inference in Bowyer's favor that no discipline was warranted.

To the extent that Appellees concede that their supervisor (Jeffery) knew about Appellants' disclosures and ordered Appellants removed, an admission against interest has arguably been established. By this admission, Appellants sufficiently established the Department's supervisorial knowledge and demonstrated a material fact in dispute regarding management's (minimally Jeffery and Palmer's) retaliation against them. See Exhibits 5 at page 1, and 6 (Jeffery's August 21, 2008 Order reassigning Appellants to check hydrants).

6

Councilmember Phil Mendelson's letter, dated June 12, 2008 to Rubin, read in conjunction with the Agency's late July, 2008 exit interview, we submit, created further favorable inferences in Appellants' favor as to their supervisor's knowledge and thus motive to retaliate. See Letter from Mendelson to Rubin, Exhibit 63 at J.A. A1233.

### C. Other Deficiencies in Appellees' Brief.

Appellees minimize the significance of favorable inferences being made in Appellants' favor. When ruling on a motion for summary judgment, the Court below should have viewed the evidence in the light most favorable to the non-moving party. *Holcomb v. Powell,* 433 F.3d 889, 895 (D.C.Cir.2006) (citing *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000)). Further, the Court was required to draw reasonable inferences in Appellants' favor and accept their evidence as true. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). It did not. In this instance, at the summary judgment stage, Appellants proffered sworn testimony and discovery responses, which transcend innuendo and baseless evidence. Thus, Appellants showed genuine issues of material fact by "citing to particular parts of materials in the record and by showing that the materials cited did not establish the absence of a genuine dispute. Fed.R.Civ.P. 56(c)(1)(A)-(B). Appellees also advance a strained argument regarding Pennington and Bowyer related to Fire Investigation

7

Unit photographs taken by a third party. Appellees' reference to Bowyer's deposition testimony at page 38 of its brief does not fully capture or characterize Bowyer's mindset at the time. At stake was the fact that the authentic photographs which he had taken showed critical evidence of a gun in a backpack, which evidence was no longer in FIU's custody. Bowyer's assessment of this evidence is hardly unreasonable as the record is silent as to developments between his two non-contemporaneous statements, arrest and pre-trial. Elementarily, statements in police reports are made based upon probable cause. Officers often change their testimony at later dates based upon subsequent investigation. The record does not state why Bowyer changed his testimony. On the contrary, the record notes a contested Trial Board proceeding occurred.

In this regard, Appellees again go to great lengths to suggest that Bowyer was guilty of impropriety in the K.A. case thereby again placing Bowyer's credibility at issue. Consistent with Appellees' interpretation of the facts, on February 20, 2009, the Department instituted four (4) charges against Bowyer related to his alleged handling of the K.A. case and notified Pennington in October 2008 that he too was being investigated for similar charges. Appellants' Exhs. 45-48 at J.A. A1107-A1119. In July 2009 the Department dismissed its charges against Pennington. Naturally, there were two (2) sides to Appellants' version of the facts in the K.A. case. Although Appellants made considerable effort to be

8

heard on this matter, management substantially supported AAG Collins over them.[2] Appellees assert that "defendants are nevertheless entitled to summary judgment on this claim, because Jeffery listed the bases for each charge of misconduct in the charging document itself, and Bowyer offers no evidence to counter said pending charges. On the contrary, the record shows that Bowyer did defend himself against the charges before the Trial Board. It also shows a July 29, 2008 statement by Bowyer to Sgt. Proctor, in which he sought to articulate his defense as to these charges. Bowyer email to Proctor, Exhibit 61 at J.A. A1211.

　　Appellees' reliance on these allegations, as proffered in their Brief, do not alone make them factual in nature, particularly since the charges were then pending before the Trial Board. As of the briefing below, the Trial Board had not made a final determination as to Bowyer's guilt or innocence. Appellees urge this court, nevertheless, to make inferences against Bowyer related to these charges consistent with a Trial Board finding of guilt. Reference is made to Article 32 of the applicable Collective Bargaining Agreement, which governs the process for conclusively establishing disciplinary actions in the Department via Trial Board proceedings. See Appellants' Exh. 53 at Article 32(f).

---

[2]/ The Trial Board had not ruled at the time of the parties' summary judgment submissions. This court should take judicial notice that the on May 11, 2011 the Trial Board exonerated Bowyer. On July 27, 2012, the Trial Board dismissed allegations and charges against Bowyer. Appellees have not reversed their decisions regarding his reassignment.

9

Appellees' footnote 16 concedes Collins' retaliatory motive and perjury accusations toward Bowyer. To the extent that Collins, or any other AAG, could make a perjury allegation without investigation or ratification, Bowyer and any other similarly situated whistleblower could be removed and their careers affected, as here, without any protection from future cases.

## CONCLUSION

In sum, the factual record in this case is a contaminated one, full of credibility tensions that revolve around the liberty interests of accused and prosecuted defendants. One of these defendants was convicted. The consequences of Appellants' credible disclosures speak volumes to the risks that longstanding fire department employees and others who challenge the status quo might endure and expect. It is further exemplary of the burden in which such an individual realistically encounters when protectively disclosing wrongdoing. This record, therefore, commands reversal in order to achieve the spirit and objective of the applicable WPA law.

                Respectfully submitted

                /s/ Donald M. Temple
                Donald M. Temple
                TEMPLE LAW GROUP
                1101 15th Street, NW, Suite 910
                Washington, DC 20005
                (202) 628-1101

                *Counsel for Appellants*

United States Court of Appeals
for the District of Columbia Circuit

*Gregory Bowyer, et al v. DC, et al.,* 13-7012

**CERTIFICATE OF SERVICE**

I, Elissa Matias, being duly sworn according to law and being over the age of 18, upon my oath depose and say that:

Counsel Press was retained by TEMPLE LAW GROUP, Attorneys for Appellant to print this document. I am an employee of Counsel Press.

On **June 6, 2014**, Counsel for Appellant has authorized me to electronically file the foregoing **Final Reply Brief** with the Clerk of Court using the CM/ECF System, which will serve, via e-mail notice of such filing, to any of the following counsel registered as CM/ECF users:

    LOREN L. ALIKHAN (Loren.AliKhan@dc.gov)
    Deputy Solicitor General
    IRVIN B. NATHAN  (irvin.nathan@dc.gov)
    Attorney General for the District of Columbia
    TODD S. KIM (todd.kim@dc.gov)
    Solicitor General
    HOLLY M. JOHNSON (holly.johnson@dc.gov)
    Office of the Solicitor General
    Office of the Attorney General
    441 4th Street, NW, Suite 600S
    Washington, D.C. 20001
    (202) 442-9890

A courtesy copy has also been mailed to the above listed counsel on this date.

Unless otherwise noted, 8 paper copies have been filed with the Court on the same date via Express Mail.

June 6, 2014                                                                 /s/ Elissa Matias
                                                                                     Elissa Matias
                                                                                      Counsel Press

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS AND TYPE STYLE REQUIREMENTS

1. This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) and Circuit Rule 32(a).

  __X__  The brief contains <u>2,379</u> words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii), or

  ____  The brief uses a monospaced typeface and contains _____ lines of text, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6).

  __X__  The brief has been prepared in a proportionally spaced typeface using <u>MS Word 2013</u> in a ___ point _____ font or

  ____  The brief has been prepared in a monospaced typeface using _____ in a ___ characters per inch _____ font.

<u>June 6, 2014</u>                               <u>s/ Donald M. Temple</u>
Date                                         Donald M. Temple
                                             TEMPLE LAW GROUP
                                             *Counsel for Appellants*